UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY L. PLANT,<br><br>                 Petitioner,<br><br>v.<br><br>JOHANNA SMITH, Warden,<br><br>                 Respondent. | Case No. 1:07-CV-158-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Dkt. 27.) The parties have adequately stated the facts and the law in their briefing, and the Court will resolve the pending Motion on the parties' briefing and the written record without oral argument. D. Idaho L. Civ. R. 7.1(d)(1). For the reasons that follow, the Court concludes that Petitioner's claims are procedurally defaulted, and it will grant Respondent's Motion.

## BACKGROUND

In 1995, Petitioner pled guilty to a charge of trafficking in less than 100 marijuana plants. (State's Lodging A-6 ,p. 1.) Petitioner failed to appear at sentencing, and a warrant was issued for his arrest. (State's Lodging A-6, p. 2.) In 2002, after Petitioner was arrested, the trial court sentenced him to a unified term of fifteen years with the first ten years fixed. (State's Lodging A-1, pp. 45-47.) On direct appeal, Petitioner claimed that

**MEMORANDUM DECISION AND ORDER - 1**

the trial court had abused its discretion in sentencing him, but the Idaho Court of Appeals affirmed. (State's Lodgings B-4, B-7.) The Idaho Supreme Court denied Petitioner's Petition for Review, and the Remittitur was issued on March 19, 2004. (State's Lodging B-13.)

Petitioner next filed a petition for post-conviction relief in the trial court, which was summarily dismissed. (State's Lodging C-1, pp. 39-41.) On appeal, Petitioner argued that the trial court erred in failing to (1) appoint counsel, (2) provide an adequate explanation as to why counsel was not appointed, and (3) provide a meaningful opportunity to respond to the lower court's notice of intent to dismiss. (State's Lodging D-7, p. 4.) The Idaho Court of Appeals agreed that the trial court erred in failing to appoint counsel, and it remanded the case on that basis. (State's Lodging D-9.) The State filed a Petition for Review, but the Idaho Supreme Court declined to review the case. (State's Lodgings D-10, D-11, D-12.)

On April 4, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, but the Court stayed the federal case pending completion of the ongoing state court matter. (Dkt. 12.)

The state court appointed counsel to represent Petitioner during the remand proceedings, and counsel filed an amended petition for post-conviction relief. (State's Lodging E-3, pp. 3-38.) The State submitted a motion for summary judgment, which the court granted. (State's Lodging E-3, pp. 87-97.)

Petitioner appealed, and the district court appointed the State Appellate Public Defender (SAPD) to represent him. (State's Lodging E-3, p. 104.) The SAPD filed a motion for leave to withdraw, contending that "no meritorious issues [could] be raised regarding the [trial] court's actions." (State's Lodging F-3, pp. 1-2.) The Idaho Supreme Court granted the motion and permitted the SAPD to withdraw. (State's Lodging F-6.) After denying Petitioner's motion for the appointment of new counsel, and after Petitioner failed to file his own appellate brief, the Idaho Supreme Court dismissed the appeal. (State's Lodging F-11.)

This Court lifted the stay, reopened the federal case, and allowed Petitioner to file an Amended Petition, (Dkt. 20.) The Court liberally construes the Amended Petition as raising the following claims: (1) ineffective assistance of counsel for failing to investigate, prepare a defense, and filing a motion to suppress without Petitioner's awareness, (2) ineffective assistance of counsel for telling Petitioner to plead guilty, (3) a Sixth Amendment violation based on the alleged acceptance of Petitioner's guilty plea without the presence of counsel, (4) judicial bias, (5) ineffective assistance of counsel on appeal, (6) ineffective assistance of counsel at sentencing, (7) a breach of the plea agreement after Petitioner failed to appear at the original sentencing hearing, (8) a Fifth Amendment violation during the presentence investigation, and (9) ineffective assistance of post-conviction counsel. (Dkt. 23, pp. 2-24; Dkt. 23-1, pp. 1-16.)

Respondent has filed a Motion for Summary Dismissal, arguing that Petitioner failed to present any of these claims in the Idaho Supreme Court, and because the time to

**MEMORANDUM DECISION AND ORDER - 3**

do so has passed, they are now procedurally defaulted. (Dkt. 27, p. 6.) Petitioner has filed a Response to the Motion, and the matter is now ripe for the Court's ruling.

## STANDARD OF LAW

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan v. Boerckel*, 526 U.S. at 845.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750. To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to [his] actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

Respondent contends that Petitioner has never presented any of his constitutional claims in a procedurally proper manner to the Idaho Supreme Court. After reviewing the state court record, the Court agrees. Petitioner's only claim during the direct appeal was that the trial court committed errors in sentencing him, which are state law questions that are not reviewable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). During his first post-conviction appeal, Petitioner raised procedural issues regarding the appointment of counsel, adequate notice, and an opportunity to respond to the lower court's notice of intent to dismiss. The Idaho Court of Appeals found merit in his argument related to the appointment of counsel, and it remanded the case on that ground. The State sought review in the Idaho

**MEMORANDUM DECISION AND ORDER - 5**

Supreme Court, rather than Petitioner, and review was denied.

After post-conviction relief was denied on remand, Petitioner's appointed counsel was permitted to withdraw from representing him on appeal. The Idaho Supreme Court gave Petitioner notice that he must file his own appellate brief, and it dismissed the appeal after he failed to do so. As a result, Petitioner has never presented any constitutional claims to the Idaho Supreme Court, and the time to raise such claims has expired. *See* Idaho Code § 19-4902.

Petitioner contends that he was hampered by the lack of counsel during the second post-conviction appeal and that the state court process was ineffective to protect his rights as a pro se litigant. While it is true that a pro se litigant is not held to the same pleading standards, he still bears the responsibility for articulating his claims so that the state courts can address them before he arrives in federal court. In addition, prisons are required to provide inmates with minimal assistance for access to the courts, but they are not obligated to stock full law libraries or to give legal advice. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). Unfortunately, a lack of legal knowledge is not uncommon among an inmate population, and ignorance of the law will not excuse the failure to comply with the State's procedural rules for raising claims in an appropriate time and manner. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (pro se status is not cause).

The Court concludes that Petitioner's claims are procedurally defaulted without a showing of cause and prejudice, and Respondent's Motion for Summary Dismissal will be granted.

**MEMORANDUM DECISION AND ORDER - 6**

# CERTIFICATE OF APPEALABILITY

As required by Rule 11 of the Rules Governing Section 2253(c), the Court evaluates this case for suitability of a certificate of appealability ("COA"). *See also* 28 U.S.C. § 2253(c).

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner's claims are procedurally defaulted. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

# ORDER

IT IS ORDERED:

1. Respondent's Motion for Summary Dismissal (Dkt. 27) is GRANTED.
2. The Amended Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

3. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 14, 2011**

Honorable Edward J. Lodge
U. S. District Judge